COX, Circuit Judge,
specially concurring:
I concur in the result, and I join that part of the court’s opinion which concludes that Prieto waived any objection based on the Defendants’ failure to disclose expert witness information about Rodriguez. I *1321 do not join that part of the opinion that discusses Fed.R.Civ.P. 26(a)(2)(B) and Fed.R.Civ.P. 37(c)(1) for two reasons. First, no objection was made in the district court based upon these rules; the only objection ever asserted in the district court was explicitly grounded upon the Southern District’s Local Rule 16.1K, which is different from the federal rules.[1] Second, having decided that any objection was waived, the discussion of Rule 26 and Rule 37 is pure dicta.
On the directed verdict issue, I think there was error in directing a verdict, but I agree that it was harmless.

. When Prieto’s attorney, Mr. Petit, voiced his objection, he referred only to the local rule:
MR. PETIT: Judge, I have an objection pursuant to Rule’ 16.IK, and of course you are familiar with it, Judge. Mr. Rodriguez was previously listed as an expert by the county when we were dealing with no weapons policy. If you recall, Judge, that was part of the municipal 1993 action claim. He did prepare an affidavit as to that no weapons policy, but never filed any type of expert witness summary as required by 16. IK.
Mr. Gressman is now calling him as a use of force expert, a totally distinct kind of situation. And in light of that, in light of the fact that he hasn't provided an expert witness summary as required by the rule, we would object to that testimony.
THE COURT: Are you talking about local rules?
MR: PETIT: Yes, Judge-
(R.8 at 43-44.) In the subsequent discussion of the objection, Petit again referred to the same local rule, see id. at 45, and never referred to any other rule.